STATE EX REL. BISHOP, RELATOR, *v.* KEATING, STATE
AUDITOR, APPELLANT.

(No. 4,059.)

(Submitted November 14, 1919. Decided December 1, 1919.)

[185 Pac. 706.]

*Livestock—Tubercular Cattle—Destruction by State Authority
—Compensation—Accord and Satisfaction—Liquidated and
Unliquidated Demands.*

Debt—Unliquidated Demands—Accord and Satisfaction.
    1.   Where a creditor accepts less in payment of an unliquidated
    demand than the face of the claim, his acceptance constitutes an
    accord and satisfaction and is binding upon him. (Rev. Codes, secs.
    4954, 4956.)

Same—Liquidated Demand—How Discharged.
    2.   A liquidated demand can be discharged only by payment in
    full, or by payment of a less amount and acceptance thereof in
    writing. (Rev. Codes, sec. 4957.)

    [As to part payment with receipt in full as satisfaction of liqui-
    dated and undisputed debt, see note in Ann. Cas. 1917A, 130.]

Same—Liquidated Demand—What Constitutes.
    3.   A demand is liquidated when the amount due is fixed by law or
    has been ascertained and agreed upon by the parties.

Livestock—Destruction by State Authority—Compensation—Liquidated
  Demand—Accord and Satisfaction.
  4. The demand of an owner of tubercular cattle killed by state
  authority, the value of which had been agreed by the claimant and
  the state auditor to have been their assessed value which is fixed
  by the statute (Chap. 140, Laws of 1915) as the value at which com-
  pensation shall be made, was a liquidated one, the character of
  which was not changed by the duty cast upon the auditor to examine
  the claim as to its correctness.

*Appeal from District Court, Missoula County; Asa S. Dun-
can, Judge.*

PROCEEDINGS by the State of Montana, on the relation of A. J.
Bishop, against William Keating, as state auditor, to compel
the defendant to allow a balance of his claim for damages
for loss of tubercular cattle killed by order of the Livestock
Sanitary Board. From a judgment directing a peremptory
writ to issue, the auditor appeals. Affirmed.

Cause submitted on briefs of counsel.

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,*
Assistant Attorney General, for Appellant.

The general rule is that when a claim is presented to a board
of county commissioners, or to a board of county supervisors,
or to a state board, or to a county or state officer, for allow-
ance and payment, and 'such claim is allowed in part and re-
jected as to the remainder, and the claimant, knowing that a
part of the claim has been rejected, receives and accepts the
amount allowed, such allowance by the board or officer and
acceptance by the claimant constitutes an accord and satisfac-
tion fully executed, and the claimant cannot thereafter main-
tain any action for the amount of the claim rejected. (1
R. C. L., sec. 34, p. 198; *City of Rawlins* v. *Jungquist,* 16
Wyo. 403, 94 Pac. 464, 96 Pac. 144; *Yavapai County* v. *O'Neill,*
3 Ariz. 363, 29 Pac. 430; *Brick* v. *County of Plymouth,* 63 Iowa,
462, 19 N. W. 304; *Davey* v. *City of Big Rapids,* 85 Mich. 56,
48 N. W. 178; *La Plata County* v. *Morgan,* 28 Colo. 322, 65
Pac. 41; *Pollman & Bros. Coal & S. Co.* v. *City of St. Louis,*

145 Mo. 651, 47 S. W. 563; *Genung* v. *Waverly,* 75 App. Div. 610, 77 N. Y. Supp. 581; *People* v. *Board of Supervisors of Cortland County,* 15 N. Y. Supp. 748; *Pederson* v. *Tacoma,* 86 Wash. 164, 149 Pac. 643; *Eakin* v. *Nez Perces County,* 4 Idaho, 131, 36 Pac. 702.)

*Mr. Elmer E. Hershey* and *Mr. William Wayne,* for Relator.

There is lacking here the first requisite of an accord—a meeting of the minds in agreement. Appellant is, therefore, met by these two considerations, either of which destroys his plea of accord and satisfaction even in the absence of a statute like ours, *viz.,* (1) the agreed statement of facts utterly fails to show an accord, a meeting of the minds; and (2) an accord (if shown) by which an admitted claim amounting to $3,110 was to be discharged by the payment of $2,060 would be invalid for want of consideration. (1 Corpus Juris, 527; *Weber* v. *Head Camp etc. of Woodmen of World,* 60 Colo. 529, 154 Pac. 728; *Matheney* v. *City of Eldorado,* 82 Kan. 720, 28 L. R. A. (n. s.) 980, 109 Pac. 166; *McIntosh* v. *Johnson,* 51 Neb. 33, 70 N. W. 522; *Schlessinger* v. *Schlessinger,* 39 Colo. 44, 8 L. R. A. (n. s.) 863, 88 Pac. 970.)

Every one of the authorities cited by appellant is disposed of by one, or both, of the following considerations, to-wit: (1) The claim involved was unliquidated or disputed, resulting in a *bona fide* controversy; (2) they all arise in states having no statute such as our section 4957.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Thirty-one head of cattle belonging to A. J. Bishop, of Missoula county, were killed by order of the livestock sanitary board, because they were affected with tuberculosis. These cattle were assessed for $3,110. Bishop presented his claim for one-half of the amount to the board of county commissioners and a like claim for the remaining one-half to the state auditor.

The commissioners and the auditor, in conference, allowed the claims for $2,060, and warrants therefor were delivered to Bishop and by him indorsed and delivered to his creditors, who had garnished the amount due him. Bishop thereupon appealed from the award made by the board, and instituted this proceeding to compel the auditor to allow his claim for the balance. The cause was tried upon an agreed statement of facts which, among other things, contained the stipulation that the assessed value of the cattle did not exceed their actual cash value. The auditor appealed from a judgment which directed the peremptory writ to issue.

If Bishop's demand was unliquidated, his acceptance of the [1, 2] warrant constituted an accord and satisfaction, and he is bound by it. (Rev. Codes, secs. 4954, 4956.) If the demand was liquidated, it could be discharged only by payment in full or by payment of a less amount and acceptance thereof in writing. (Sec. 4957.)

There was no acceptance in writing, and consequently the only question for determination is: Was the demand liquidated or unliquidated? The statute (Chap. 68, Laws of 1913, as [3] amended by Chap. 140, Laws of 1915, p. 318) provides that the owner of tubercular cattle killed by order of the state veterinarian or the state livestock board shall be paid therefor the assessed value of the cattle, provided the assessed value does not exceed the actual value. Under this statute, and the agreed statement of facts, Bishop was entitled to receive $3,110, the assessed value of his cattle, which was their actual value, if his claim was a liquidated one.

"A claim is liquidated when the amount due is fixed by law or has been ascertained and agreed upon by the parties." (5 Words and Phrases, 4174; 3 Words and Phrases (2d Series), 148; *Treat* v. *Price,* 47 Neb. 875, 66 N. W. 834; *Chicago, M. & St. P. Ry. Co.* v. *Clark,* 92 Fed. 968, 35 C. C. A. 120.)

Bishop's demand was a liquidated one under all the author- [4] ities, and the fact that the auditor was required to

56 Mont.—34

examine the claim and ascertain whether it was correct did not change its character.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY and COOPER concur.

(Submitted November 14, 1919. Decided December 1, 1919.)