## DETROIT BELT LACER CO. v. FOWLER CO. (No. 638.)

Court of Civil Appeals of Texas. Waco.
March 15, 1928.

Rehearing Denied April 5, 1928.

1. **Accord and satisfaction** &⟶10(1)—**Compromise and settlement** &⟶6(2)—**Demand amount of which had been fixed and agreed upon at time orders were filled, held a "liquidated demand."**

Where plaintiff suing for balance due on an account for merchandise, defense being accord and satisfaction, quoted prices on merchandise sold defendant prior to the latter's orders therefor, and defendant was charged at prices so quoted, amount of plaintiff's demand was fixed and agreed upon at time the orders were filled and shipped, and hence such demand was a "liquidated demand."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Liquidated.]

2. **Accord and satisfaction** &⟶10(1)—**Compromise and settlement** &⟶6(2)—**To constitute "dispute as to liability" for balance due on account sued on dispute must be honest and reasonable.**

In action for balance due on account for merchandise wherein defendant pleaded accord and satisfaction, in order to constitute a dispute as to defendant's liability for balance due within meaning of term as used in connection with accord and satisfaction, such dispute must be an honest one and based on reasonably tenable grounds, though it need not be in fact well founded, and it must appear that such dispute did not arise merely from an arbitrary denial of an obligation obviously due.

3. **Accord and satisfaction** &⟶26(3)—**Compromise and settlement** &⟶23(3)—**Evidence held not to show dispute as to liability for balance due on merchandise account sued on as basis of defense for accord and satisfaction.**

In action for balance due on account for merchandise wherein defendant pleaded accord

and satisfaction, in that amount of plaintiff's demand was in dispute because of plaintiff's agreement to reduce contract prices, evidence *held,* not to show any substantial basis for claim by defendant of right to reduction of contract price.

**4. Evidence ⌾271(19)—Declarations in defendant's letter to plaintiff held self-serving, and not proof of assertions there made.**

In action for balance due on merchandise account, wherein defendant pleaded accord and satisfaction, declarations in defendant's letter to plaintiff tending to support defense, were self-serving and did not constitute proof of assertions there made.

Appeal from Dallas County Court; Paine L. Bush, Judge.

Action by the Detroit Belt Lacer Company, against the Fowler Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Saner, Saner & Jack, of Dallas, for appellant.

W. R. Herring, of Dallas, for appellee.

GALLAGHER, C. J. This suit was instituted in the justice court by appellant, Detroit Belt Lacer Company, to recover from appellee, The Fowler Company, a balance of $171.47 alleged to be due it on account for merchandise sold by it to appellee. Said account was verified under the statute. Appellee denied said account under oath and pleaded accord and satisfaction, alleging that it had theretofore tendered to appellant, and appellant had accepted a certain payment in full satisfaction of all demands against it thereon. On appeal to the county court the case was tried de novo.

The evidence shows that on January 15, 1924, appellee ordered of appellant certain items of merchandise called hooks. Appellee in said order inquired whether appellant was making a hook of lower grade or was making others a lower price therefor. Appellee stated in that connection that others were using a cheaper hook made specially for them; that appellee needed all the help it could get, and asked appellant, if it had any suggestions to offer, to do so promptly so appellee could place another order on receipt of appellant's reply. Appellant filled said order and sent an invoice showing the prices charged for the several items to appellee. Appellant's reply to said inquiry is not contained in the statement of facts. Appellee, however, on January 25, 1924, sent appellant a second order for hooks. Appellee in said order referred to appellant's reply to its inquiry in the preceding order as follows:

"We understand from your letter that you make only one quality of hook, the one we are getting. If this is not correct please inform us by wire before filling the following order,

quoting prices, so that we may confirm or change this order immediately."

Appellee in that connection explained that the reason it inquired about a cheaper or lower grade hook was that it was necessary for it to be on equal footing with its competitors. This order was promptly filled and invoice showing prices charged forwarded to appellee. Appellee, on April 19, 1924, sent appellant another order for hooks. In connection therewith appellee inclosed a check for $175, on account, stated collections had been slow and that the balance due would follow with as little delay as possible. No reference whatever to prices was made at that time. Said order was filled and invoice showing the items and prices charged therefor sent to appellee.

Appellant introduced testimony to the effect that the prices charged for the several different kinds of hooks ordered by appellee were furnished it before any of said orders were filled; that said orders were accepted and filled on the basis of the prices so quoted; that appellant was not during the time said orders were accepted and filled, manufacturing or selling any cheaper grade of hooks, and was not selling similar hooks in like quantities to anyone else at a lower price; that there was never at any time any contract, agreement, or understanding, between appellant and appellee for the sale of said hooks at a lower price than charged therefor in the respective invoices. The hooks sold to appellee on said orders at the prices quoted to it and charged therefor by appellant amounted in the aggregate to $493.72. After crediting the remittance of $175, above referred to, the balance remaining unpaid on June 28, 1924, was $322.25. At that time appellee mailed to appellant a check for $147.25. Said check was inclosed in a letter from appellee to appellant. We do not deem it necessary to set out the contents of said letter in full. Said letter referred to some communication from appellant with reference to the payment of its account, and then raised the question of whether it had had a fair deal in the matter of prices. In this connection appellee charged that it had "found that in some way it was not getting an equal deal"; that it had bought hooks from another dealer at prices materially lower; that it could not see that the hooks so bought would not answer its needs. Appellee then stated that if all the hooks bought from appellant were charged for at the same prices as it paid for the hooks purchased from such other dealer, it would result in a difference of $171.47 in appellant's account against it. The concluding paragraph of said letter is as follows:

"We have liked doing business with you, our relations are very pleasant, and in sending a check for the balance in full, less $147.25, our

only purpose is to bring the situation very much to your attention, knowing you will review the facts and give us the full benefit of our absolute confidence in your treatment when we placed the orders without asking for prices elsewhere."

Appellee inclosed a check therewith, payable to appellant, for the sum of $147.25, leaving a balance of $171.47 unpaid. It was shown that the expression "less $147.25" in the paragraph of said letter just quoted was an error, and that "less $171.47" was intended. Said check was promptly cashed by appellant. No indorsement or memorandum of any kind appeared on said check. Appellant's witness testified that it accepted and cashed said check as a payment on said account and not in full settlement thereof.

Appellee did not introduce any testimony tending to show any offer, promise, or agreement, on the part of appellant, to make any reduction in the price of hooks sold by it to appellee, nor that appellant manufactured or sold a cheaper hook, nor that it ever in any way intimated that it would reduce its prices to meet the prices charged by other dealers for similar articles. Neither did appellee introduce any testimony tending to show that it actually bought any hooks from other dealers at the prices stated in its said letter nor the quality of the hooks referred to therein.

The case was tried by the court without a jury and judgment rendered for appellee.

## Opinion.

[1-4] A liquidated demand, as used in connection with an issue of accord and satisfaction, is a demand the amount of which has been fixed or agreed upon by the parties. 1 C. J., p. 555, sec. 77; 37 C. J., p. 1264. The testimony in this case discloses without dispute that appellant had quoted prices on the various kinds of hooks sold appellee prior to its orders therefor; that the hooks sold appellee were ordered in writing by it, and were charged for at the prices so quoted. The amount of appellant's demand was therefore fixed and agreed upon at the time the several orders were filled and shipped to appellee, and such demand was therefore liquidated within the definition of that term above recited. Appellee claims that appellant's demand was disputed by it in part and to the amount of $171.47, the balance unpaid and sued for herein. In order to constitute a dispute as to appellee's liability for the balance due on the account sued on, within the meaning of that term as used in this connection, such dispute must be an honest one and based on some reasonably tenable grounds, though it need not be in fact well founded. It must appear that such dispute did not arise merely from an arbitrary denial of an obligation obvious-

ly due. 1 R. C. L. p. 198, part section 33; 1 C. J. pp. 554-555, § 75; Fire Insurance Ass'n v. Wickham, 141 U. S. 564 et seq., 12 S. Ct. 84, 87, 35 L. Ed. 860; City of San Juan v. St. John's Gas Co., 195 U. S. 510 et seq., 25 S. Ct. 108, 113, 49 L. Ed. 299; Bergman Produce Co. v. Brown (Tex. Civ. App.) 156 S. W. 1102, 1104, pars. 2 and 3; Fidelity & Casualty Co. v. Mountcastle (Tex. Civ. App.) 200 S. W. 862, 866, par. 5; Woodall v. Pacific Mutual Life Ins. Co. (Tex. Civ. App.) 79 S. W. 1090, 1092; Gray v. U. S. Savings & Loan Co. (Ky.) 77 S. W. 200, 201; Creutz v. Heil (Ky.) 12 S. W. 926, 927. The correctness of the rule announced in the above authorities is recognized in Buford v. Inge Construction Co. (Tex. Civ. App.) 279 S. W. 513, 515, but the court in that case held that the dispute with reference to the amount of the claim sued for was advanced in good faith and rested on a substantial basis. The testimony in this case is wholly insufficient to show any substantial or tenable basis for a claim by appellee of a right to an abatement of the contract prices for the merchandise purchased by it from appellant. The testimony showed affirmatively that appellant did not manufacture any cheaper grade of hooks and did not sell like hooks to other customers at a cheaper price. There is nothing in the whole record showing that appellant ever intimated that it would abate its account if it was found that rival dealers were selling hooks for a cheaper price. Neither is there any testimony showing that appellee actually bought any hooks from other dealers at the prices recited in its letter of June 28, 1924, nor whether such hooks if bought were of equal quality or value with those manufactured by appellant and sold by it to appellee. The declarations in appellee's letter were self-serving and did not constitute proof of the assertions there made. Peterson v. Clay (Tex. Civ. App.) 225 S. W. 1112, 1114, par. 8. While the record discloses a persistent and determined effort on the part of appellee to secure bed rock prices, it does not show any reasonable ground for a belief on its part that it was entitled to the reduction claimed. Appellee's agent who wrote said letter of June 28th did not testify. Appellee's president did testify that he knew about the writing of said letter, but he did not testify that any of the statements of fact made therein were true. He merely claimed that appellee had refused to pay the balance due on the account sued on, because he considered the matter settled when appellant cashed the check inclosed to it with said letter.

Our holding on this issue renders a discussion of the other propositions presented as ground for reversal unnecessary.

The judgment of the trial court is reversed, and the cause remanded.