JOHNSON, APPELLANT, *v.* BLYBERG ET AL., RESPONDENTS.

(No. 6,315.)

(Submitted May 2, 1928. Decided May 7, 1928.)

[266 Pac. 1103.]

*Appeal and Error—Findings—When Conclusive—Evidence—Error in Admission or Rejection must have Been Prejudicial to Warrant Reversal of Judgment.*

1. In a case tried by the court without a jury, its finding will not be disturbed on appeal where the evidence is in conflict, nor where the evidence does not preponderate against them; nor will the judgment be reversed for alleged errors in the admission or rejection of evidence if appellant was not prejudiced thereby.

[1] Appeal and Error, 4 C. J., sec. 2855, p. 884, n. 35; sec. 2948, p. 963, n. 68.

*Appeal from District Court, Missoula County; Theodore Lentz, Judge.*

ACTION by Anthony Johnson against Helger Blyberg and another. Judgment for defendants and plaintiff appeals. Affirmed.

Cause submitted on briefs of counsel.

*Mr. Harry H. Parsons* and *Mr. H. R. Boden,* for Appellant.

*Mr. John E. Patterson* and *Mr. Dan J. Heyfron,* for Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The story of this lawsuit may be shortly told. The plaintiff and defendants made a mutual exchange of real properties situate in Missoula. The plaintiff asserts that the value of the property traded by each to the other was $10,000. As part

1. See 2 Cal. Jur. 921; 2 R. C. L. 292.

of the consideration for the trade the defendants assigned to plaintiffs a contract which they had with J. E. White and Mabel White, wherein the defendants had agreed to sell and the Whites had agreed to buy certain real estate owned by the defendants. There was a mortgage upon the property which, in the contract, the Whites assumed and agreed to pay. Plaintiff alleges in his complaint that the defendants falsely and fraudulently represented to him that this contract was of the actual value of $2,700, and that the interest in the property covered by the contract "was a valid and subsisting lien in and upon said property in fee; that it was not subject to any lien, encumbrance or other things whatsoever in derogation of defendants' and the said J. E. White and Mabel White's interest in fee" in the property; that if the representations had been true the contract assigned to plaintiff by defendants would have been of the actual value of $2,700; that the representations were false and fraudulent and were known to be such by the defendants when made; that the representations were made for the express purpose of inducing and persuading the plaintiff to give $2,700 for the contract in property or funds; that plaintiff believed in and relied upon the representations and believing and relying thereupon gave to the defendants values in property and funds to the amount of $2,700; that plaintiff was damaged in that sum. He asked for judgment for $2,700 damages, and that the court "find said contract to be a valid and subsisting lien upon the premises" described in the White contract.

The defendants answered and the plaintiff replied. The case went to trial before the court sitting without a jury. The court found that the plaintiff had failed to prove his allegations with respect to fraud and likewise had failed to prove any damage. Plaintiff moved for a new trial, which was denied. He then appealed from the judgment.

Any discussion of the evidence would be utterly useless, a [1] waste of labor and time. A careful study of the transcript, aided by the briefs of counsel, leads to the conclusion

that, looking at the case from the view most favorable to plaintiff, nothing more than a conflict of evidence is presented. Looking at the case from both sides leads to the conclusion that the evidence not only does not preponderate against, but preponderates in favor of, the court's findings and judgment.

The plaintiff assigns a number of specifications of error respecting the rulings of the court upon the admission or rejection of evidence. As to these we go no further than to see whether prejudicial error appears. It does not.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.