SAWYER, Respondent, *v.* SOMERS LUMBER CO., Appel-
LANT.

(No. 6,491.)

(Submitted October 3, 1929.  Decided December 7, 1929.)

[282 Pac. 852.]

*Messrs. Walchli & Korn,* for Appellant, submitted a brief; *Mr. Hans Walchli* argued the cause orally.

172

*Messrs. Logan & Child,* for Respondent, submitted a brief.

MR. JUSTICE FORD delivered the opinion of the court.

Plaintiff brought this action to recover a balance alleged to be due for railroad ties sold and delivered by him to defendant. The complaint alleges that during the month of January, 1927, plaintiff sold and delivered a specified number of ties to defendant at the agreed price of $835.03 and that no part thereof has been paid excepting the sum of $403.54. Defendant answered admitting the delivery of the ties at the agreed price, and that the balance of $431.49 has not been paid except by way of settlement. It is then alleged, by way of counterclaim or set-off, that in September, 1926, plaintiff entered into a contract with C. O. and E. T. Ness for the manufacture of the ties in question; that under the terms of

the contract plaintiff agreed to finance the operation and to furnish the necessary supplies for the boarding-house, gasoline to operate the machinery, and the pay-roll, and charge the same to the account of the contractors; that pursuant to such contract the contractors entered upon the performance thereof, and while so engaged purchased from defendant supplies amounting to $471.49, all of which were used in the camp and for boarding the men employed on the work; that on April 2, 1927, plaintiff and defendant had a full and complete settlement between them for the ties delivered in January, under and by the terms of which settlement defendant deducted the amount of the Ness account and paid to plaintiff its check for the balance; that the check was paid to plaintiff and accepted by him in full settlement of the account sued upon.

By reply plaintiff admitted that he entered into a contract with the Nesses to manufacture railroad ties and deliver the same to defendant at an agreed price of forty cents per tie and agreed to furnish to the Nesses supplies for operating their camp, the purchase price of the supplies to be deducted from any money due or to become due, but it was specifically and expressly understood between plaintiff and the Nesses that all goods and supplies were to be sold by plaintiff from his store in Kalispell and not otherwise. All other of the affirmative allegations of the answer were denied.

The case was tried before the court with a jury; at the close of the testimony both parties moved for a directed verdict, and the jury was discharged by agreement of counsel. Thereafter, and when the cause was argued to the court, defendant asked leave to amend its answer by setting forth with greater particularity its plea of accord and satisfaction. The court denied the right to amend, and judgment was entered for plaintiff, from which defendant appeals.

Defendant first contends that the court erred in denying its motion to amend its answer.

Under the provisions of section 9187, Revised Codes 1921, the court may, at any time, in furtherance of justice and on such terms as may be proper, allow any pleading to be amended.

The matter of an amendment of a pleading, at any time, rests within the sound discretion of the trial court, and its action, in the absence of an affirmative showing of abuse of that discretion resulting in prejudice, will not be reversed. (*Apple* v. *Seaver*, 70 Mont. 65, 223 Pac. 830; *Callan* v. *Hample*, 73 Mont. 321, 236 Pac. 550; *Barrett* v. *Shipley*, 63 Mont. 152, 206 Pac. 430; *Cullen* v. *Western M. & W. Title Co.*, 47 Mont. 513, 134 Pac. 302, 307.) We fail to see any abuse of discretion in the ruling complained of. The cause had been tried and the taking of testimony concluded nearly four weeks before defendant's motion to amend was submitted to the court. There was not any showing made of any excuse for the delay. Under these circumstances it cannot be seriously contended that the court abused its discretion. The language employed by the court in the case of *Cullen* v. *Western M. & W. Title Co.*, supra, is applicable here, and further discussion of this assignment is unnecessary. In that case the court said: ''While it is the policy of our law to permit amendments to pleadings in order that litigants may have their causes submitted upon every meritorious consideration that may be open to them (Rev. Codes, secs. 6588, 6589), and while it is the rule to allow, and the exception to deny, amendments (*Leggat* v. *Palmer*, 39 Mont. 302, 102 Pac. 327; *Flaherty* v. *Butte Electric Ry. Co.*, 43 Mont. 141, 115 Pac. 40), yet they are not at all stages of the proceedings a matter of right. After issue joined, the matter lies within the sound judicial discretion of the trial court, and an abuse of that discretion must be made to appear before this court can say that a refusal of leave to amend was wrong.''

The remaining assignments of error present the question of the sufficiency of the evidence to support the judgment. Counsel for defendant insist that the uncontradicted evidence shows an accord and satisfaction of the claim sued upon, which constitutes a complete bar to plaintiff's recovery.

It appears from the evidence that during the time in question defendant was acting as the agent of the Great Northern Railway Company in the purchase of railroad ties; that

plaintiff and the Nesses entered into the contract described in defendant's answer for the manufacture of ties; that defendant sold and delivered to the Nesses supplies which were used at the tie camp of the value of $471.54; that during the month of January, 1927, plaintiff delivered to defendant the number of ties and of the value alleged in the complaint. Early in April, 1927, plaintiff requested a settlement for the ties delivered during the month of January. Defendant tendered to plaintiff a voucher check in the sum of $363.54, upon which was printed "In settlement of the above account." The voucher recited: "For ties put in during January, 1927, per Statement attached $835.03. Store bill $471.49"—leaving a balance of $363.54, the amount of the check. Plaintiff protested the deduction of the store bill and at first refused to accept the check, but later accepted it. He testified regarding the circumstances of acceptance as follows: "I told Mr. Gautier, I didn't owe that bill or any part of it. I had never authorized Mr. Ness to run anything on my account, never had told the Somers Lumber Company to let him have anything and I would be responsible for it. He said he had no authority to do anything but to deliver the check. We continued to talk for some little time and I said for him to give me what he could and let the bill stand and this check was brought out after this conversation. I again objected to it and asked him if I couldn't let the matter of the bill of Ness', which they had deducted from money due me, stand and settle it at some future time. He said he didn't care what I did, or words to that effect. Now, we had quite a little conversation then and that is all I recall of it. They didn't require me to sign anything." The check was indorsed by plaintiff and cashed. Gautier, a witness called by defendant testified to substantially the same facts.

It should be noted that under the contract of employment between plaintiff and the Nesses plaintiff agreed to furnish certain supplies but it is clear that the parties contemplated that these supplies were to be furnished from plaintiff's store at Kalispell, and the purchase price therefor deducted from any

moneys due or to become due the Nesses under the contract. Under no possible construction of the contract were the Nesses authorized to purchase these supplies elsewhere than at plaintiff's store upon his credit and he cannot be held liable for their debt. The offset if allowable on any theory must rest upon the conclusion that the act of plaintiff in accepting and cashing the check under the circumstances constituted an accord and satisfaction. It is upon this theory that defendant contends the offset should be allowed.

An accord and satisfaction is founded upon contract, and ▮ a consideration therefor is necessary. By the great weight of authority, if the indebtedness is unliquidated or in dispute, payment by the debtor of an amount less than claimed by the creditor, and the receipt by the latter of such amount under such circumstances that he is bound to know that the intention was to make the payment in full settlement of the claim, will discharge the whole claim, and the creditor may not thereafter maintain an action to collect additional sums. Under these circumstances there is an agreement to compromise the differences between the parties, and, there being a dispute, a consideration for the agreement exists. (1 R. C. L. 194; 1 Supp. R. C. L. 60; 1 C. J. 551; *In re Miller's Estate,* 279 Pa. 30, 123 Atl. 646; *Whittaker Co.* v. *Standard Auto Co.,* 216 Mass. 204, Ann. Cas. 1915A, 949, 51 L. R. A. (n. s.) 315, 103 N. E. 695; *Plymouth Rubber Co.* v. *West Coast Rubber Co.,* 131 Wash. 662, 231 Pac. 25.)

If plaintiff's claim was unliquidated, his acceptance of the ▮▮ check under the circumstances disclosed by the record constituted an accord and satisfaction. If the claim was liquidated, it could be discharged only by payment in full or by payment of a lesser amount and acceptance thereof in writing. (*State ex rel. Bishop* v. *Keating,* 56 Mont. 526, 185 Pac. 706, 707; sec. 7459, Rev. Codes 1921.) There was not an acceptance in writing. (*State ex rel. Bishop* v. *Keating,* supra.) The indorsement of the check by plaintiff for the purpose of cashing it is not such a writing as is contemplated by section 7459, supra, and it follows that the only

question for determination is: Was the claim liquidated or unliquidated?

"A claim is liquidated when the amount due is fixed by law or has been ascertained and agreed upon by the parties." (*State ex rel. Bishop* v. *Keating,* supra; 5 Words and Phrases, p. 4174; 3 Words and Phrases, Second Series, p. 148; *Treat* v. *Price,* 47 Neb. 875, 66 N. W. 834; *Chicago, M. & St. P. Ry. Co.* v. *Clark,* 92 Fed. 968, 35 C. C. A. 120; 1 C. J. 556; 1 R. C. L. 198.) Here it is agreed that plaintiff delivered ties to defendant of the agreed value of $835.03. The amount of plaintiff's claim was therefore ascertained and determined at the time of the delivery of the ties, and such claim was liquidated within the definition of that term above stated. But counsel insist that the assertion of the counterclaim or set-off by defendant for supplies sold to the Nesses renders the claim unliquidated.

By the great weight of authority a liquidated debt, admitted to be due, is rendered unliquidated by the assertion of a counterclaim or set-off by the debtor, so that it may be discharged by the payment of a smaller amount. (1 C. J. 556; 1 R. C. L. 198; notes, 4 A. L. R. 474; 53 A. L. R. 768.) An agreement of accord and satisfaction for the payment of a smaller sum than that required under the original agreement presupposes a prior controversy or dispute concerning the relative rights of the parties under the original agreement. (1 Cal. Jur. 131.) Such dispute must be an honest one and based on some reasonably tenable ground, though it need not in fact be well founded. It must appear that it did not arise merely from an arbitrary denial of an obligation obviously due. (1 R. C. L. 198; 1 Cal. Jur. 131; *Fire Assn.* v. *Wickham,* 141 U. S. 564, 35 L. Ed. 860, 12 Sup. Ct. Rep. 84; *City of San Juan* v. *St. John's Gas Co.,* 195 U. S. 510, 1 Ann. Cas. 796, 49 L. Ed. 299, 25 Sup. Ct. Rep. 108; *Gray* v. *United States Savings & Loan Co.,* 116 Ky. 967, 77 S. W. 200; *Detroit Belt Co.* v. *Fowler Co.,* (Tex. Civ. App.) 4 S. W. (2d) 651.) "A dispute cannot be raised for the mere pur-

pose of extorting money, and an arbitrary refusal to pay, based on the mere pretense of the debtor made for the obvious purpose of exacting terms which are inequitable and oppressive, is not such a dispute as will satisfy the requirements of the rule.'' (1 C. J. 554.)

Upon the issue of an executed accord and satisfaction the trial court was required to consider the question of whether or not there was in fact at the time of the acceptance and retention of the check by plaintiff a bona fide dispute between the parties concerning the sum due plaintiff, thus rendering the claim unliquidated. This was primarily a question of fact to be determined by that court from all the circumstances of the entire transaction. (*Berger* v. *Lane,* 190 Cal. 443, 213 Pac. 45; *Nassoiy* v. *Tomlinson,* 148 N. Y. 326, 51 Am. St. Rep. 695, 42 N. E. 715; *Davenport* v. *Gray,* 157 Ark. 1, 247 S. W. 81; *Riley & Co.* v. *London Guaranty Co.,* 27 Ga. App. 636, 109 S. E. 676; *B. & W. Eng. Co.* v. *Beam,* 23 Cal. App. 164, 137 Pac. 624.)

The court was not requested to, and did not, make any findings of fact or conclusions of law, and consequently we are not advised of the theory upon which the judgment was based. In the absence of express findings, every finding necessary to support the judgment of the court will be implied. (*Town of Cascade* v. *Cascade County,* 75 Mont. 304, 243 Pac. 806; *Clark* v. *National Surety Co.,* 81 Mont. 113, 261 Pac. 618; *Steiner* v. *McMillan,* 59 Mont. 30, 195 Pac. 836; *Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960.)

This is an action at law and the rule is settled in this state that in such a case when the evidence is conflicting this court will not pass upon the weight or preponderance of the evidence, but we are obliged to accept the findings, be they express or implied, if there is any substantial evidence to support them. (*Matthis* v. *Campbell,* 84 Mont. 195, 274 Pac. 501; *Teagarden* v. *Calkins,* 55 Mont. 35, 173 Pac. 549, 550.) In the *Teagarden Case* this court said: ''In other words, the question is one of fact, and as this was a law action tried by the court sitting without a jury, we will not determine where

the apparent weight of the evidence may be, but are obliged, upon principles too well settled for discussion, to accept the findings respecting value if there is any substantial evidence to support them.''

After a most careful consideration of the record, we think there is substantial evidence to support the implied finding of the learned trial judge that there was not a bona fide dispute between the parties as to the amount due plaintiff at the time the check in question was accepted by him. It follows that the acceptance by plaintiff of a lesser amount than due did not operate as an accord and satisfaction so as to discharge the claim sued upon.

For the foregoing reasons the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and ANGSTMAN concur.