TOMA, Appellant, v. LANE SHEEP CO. et al., Respondents.

(No. 6,764.)

(Submitted May 19, 1931. Decided June 15, 1931.)

[300 Pac. 566.]

*Mr. Lester H. Loble* and *Mr. Hugh R. Adair,* for Appellant, submitted a brief; *Mr. Adair* argued the cause orally.

*Mr. C. A. Linn* and *Messrs. Cooper, Stephenson & Hoover,* for Respondent, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action arises out of a written contract made and entered into October 15, 1926, between the M. L. Lane Sheep Company and A. M. Kimpton and Eli Toma, by the terms of which 1,497 sheep owned by the Lane Company were delivered to and entrusted to the care and keeping of Kimpton and Toma on a share of increase and loss arrangement to continue until October 15, 1927, the sheep to be herded, grazed, fed, and otherwise cared for on land holdings possessed by Kimpton and Toma. In the contract, among other things, it is provided that if, in the opinion of the sheep company, Kimpton and Toma at any time or in any manner fail to properly perform the promises and terms of the agreement on their part to be kept and performed, the sheep company "may cancel this agreement, and upon paying or tendering in cash to the party of the second part [Kimpton and Toma], the tonnage value of the hay actually fed to the sheep up to the time of cancellation at the rate of $8.00 per ton, less any material or cash advances, * * * demand and receive the immediate possession of all of the above described sheep or their increase, if any, and the payment of said sum per ton for said hay, shall be full payment for all services and expenses incurred by the party of the second part in the performance of this agreement."

On April 2, 1927, A. M. Kimpton assigned and transferred all of his interest in the contract to Toma, and the latter thereupon independently assumed the obligation of carrying out its terms and reaping benefits, if any, resulting. About April 22, 1927, the defendant, through its president, visited the property and expressed dissatisfaction because of the manner in which

the sheep were being held and cared for by the plaintiff, Toma, resulting in an agreement whereby the defendant should take possession of the sheep and run them until the end of the term of the contract, pursuant to which a supplemental agreement in writing was entered into reading as follows:

"Great Falls, Montana, 4–22–27.

"Supplemental to that certain contract entered into between the M. L. Lane Sheep Company as party of the first part, and A. M. Kimpton and Eli Toma as parties of the second part, on October 15th, 1926, for the care of nine hundred sixty-four (964) two-year-old ewes, four hundred ninety-nine (499) one-year-old ewes and thirty-four (34) bucks until October 15th, 1927;

"Whereas, Eli Toma, one of the parties of the second part, having purchased the interest of A. M. Kimpton in the meantime, now becomes the Party of the Second Part; and

"Whereas, the Second Party, Eli Toma of Redersburg, Montana, on account of his inability to comply with the terms of the original contract referred to above covering the care of the sheep has requested the party of the first part, the M. L. Lane Sheep Company, to take charge of the sheep and care for them until the expiration of the original contract which is October 15th, 1927, and to charge the expense covering the care of said sheep until the expiration of the original contract to the party of the second part, settlement then to be made between the parties hereto in the same manner as is provided in the original contract.

"It is mutually agreed between the parties hereto that the above agreement is satisfactory to both parties.

"M. L. LANE SHEEP COMPANY,
"By M. L. LANE, President,
"Party of the first part.
"ELI TOMA,
"Party of the Second part."

After taking possession of the sheep, the defendants rendered account to the plaintiff from time to time showing the cost of operations on their joint account, and at the termina-

tion of the term of the original contract, October 15, 1927, a statement of account rendered to Toma showed the sale of the sheep, lambs, and wool, costs of operation and losses and the like, and indicated that he was indebted to defendants in the sum of $1,976.17, Toma, being dissatisfied, on November 30, 1928, commenced this action, alleging that the original agreement of October 15, 1926, did not set forth the true contract entered into, and therefore sought its reformation; alleged that the supplemental contract of April 22, 1927, was obtained through fraud, and should be declared null and void; and asked damages in the sum of $11,419.60, with interest. Besides a denial of plaintiff's affirmative allegations, the defendants' answer contained a counterclaim on an accounting, and for the sum of $1,976,17 claimed to be due the defendant sheep company from the plaintiff.

The case was tried as an action in equity without a jury, and the court made its findings of fact and conclusions of law in favor of the defendant sheep company and against the plaintiff in the sum of $1,882.64, and the plaintiff has appealed therefrom.

The plaintiff's numerous assignments of error for the most part are directed at the findings of fact and conclusions of law deduced by the court. It is not considered necessary here to set them forth.

The court found that the plaintiff was and is a practical sheep man, residing in Broadwater county, experienced in caring for bands of sheep and in breeding, raising, and caring for sheep and their products; otherwise that he is a man of limited education in business and lacking in business and financial experience; that he was wholly unfamiliar with the method of operating a corporation; that he was and is unable to write the English language other than to sign his name, and was able to read but a very little English, but that the defendants were not informed of his incapacity to read or write; that the plaintiff entered into the contract on October 15, 1926, with full knowledge of its provisions and contents, and was not induced to sign it by any representations or misrepresentations of the defendants, or either of them, or of A. M. Kimpton

or any other person, and that the contract constituted the agreement between the plaintiff and the defendant M. L. Lane Sheep Company in reference to the care and management of the sheep; that the plaintiff, in accordance with the terms of the agreement with the defendant sheep company, herded, cared for, and fed the sheep on his land holdings continuously from the twenty-ninth day of September, 1926, to the twenty-second day of April, 1927, when, on or about the last-mentioned date, the sheep company, through its president, M. L. Lane, visited the lambing location of the plaintiff in Broadwater county, and ascertained as a fact that the plaintiff was not properly caring for the sheep, and in consequence there were unusual losses in the lambing taking place; that the plaintiff agreed that it was a bad situation and that the defendant should take charge and possession of the sheep and care for them until the expiration of the contract, as a consequence whereof on or about the twenty-fourth day of April, 1927, an agreement in writing was entered into bearing date April 22, 1927, which writing is hereinabove set forth; that the plaintiff did not perform all of the conditions of his agreement of October 15, 1926, nor did he fully comply with the terms and conditions thereof, nor was he at all times from the twenty-ninth day of September, 1926, to October 15, 1927, ready, willing, and able to do and perform his part of the contract; that the defendant sheep company did not, nor did its president, M. L. Lane, make the false and fraudulent representations alleged in the complaint or any false or fraudulent representations to the plaintiff, nor induce the plaintiff to sign the supplemental contract of April 22, 1927, but, on the contrary, the contract was read and explained to the plaintiff by M. L. Lane before the plaintiff signed the same; that neither the defendant sheep company nor M. L. Lane used any false or fraudulent representations or any trick or device of any kind or character to induce the plaintiff to sign such writing; and that the contract of April 22, 1927, is not false or fraudulent in any particular. The court further found that neither of the defendants delayed or postponed the making of

an accounting between the plaintiff and the sheep company, and that neither they nor either of them did wastefully, recklessly, or negligently manage the sheep after the same were taken into possession by the sheep company; that prior to April 22, 1927, the sheep company had advanced in cash to the plaintiff the sum of $1,200, and that, when the plaintiff redelivered possession of the sheep to the defendant company on April 22, 1927, he repaid to the defendant company the sum of $500, which sum, together with additional advances made at the time, was used in payment for hay, oats, and feed already purchased and contracted for by the plaintiff for use in the feeding of the sheep and for labor accounts incurred; that the sheep company took charge of the sheep on April 22, 1927, pursuant to the terms of the written agreement of that date, and cared for the same until the expiration of the original contract on the fifteenth day of October, 1927, and regularly accounted to the plaintiff for the expenses of running the sheep, and regularly credited the plaintiff in such accounting with all of the proceeds from the sheep, lambs, and wool in accordance with the contract and the supplemental agreement; that there is due and owing from the plaintiff to the defendant sheep company on account of money paid, laid out, and expended for the use and benefit of the plaintiff, and at his special instance and request for money advanced, and for hay, grain, pasturage, wool sacks, and other personal property furnished, and for work and labor performed, and for money advanced for such purposes, and for loss of sheep under the terms of the contract of October 15, 1926, and the supplemental contract of April 22, 1927, after allowing of all credits, the sum of $1,882.64, payment of which was due and demanded on November 1, 1927, no part of which had been paid; that, except as otherwise specified, the allegations of the counterclaim of the defendant sheep company, as set forth in the answer, are true, and that the allegations of plaintiff's complaint are not true; and are not supported by the evidence.

In its conclusions of law it was found by the court that the writing bearing date April 22, 1927, and referred to in the

complaint and answer, is not void, but is valid and enforceable, and that the plaintiff is not entitled to a cancellation thereof, and that the written contract bearing date October 15, 1926, sets forth the true agreement and mutual understanding of the plaintiff and the defendant sheep company, and that the plaintiff is not entitled to have the contract reformed.

The findings of the court above set forth sufficiently indicate the issues raised by the pleadings and the evidence before the court. Although the charges for running the sheep from April 22, 1927, to October 15, 1927, appear to have been excessive, from a careful reading of the record we are of opinion that there is ample evidence to support the findings of the court. There is conflict in the testimony, but that does not furnish reason to disturb the court's findings. The rule has long been established, and so frequently announced by this court, that findings of fact made by the trial court on conflicting evidence will not be disturbed on appeal where supported by substantial testimony, that it would seem unnecessary to cite authorities. (*Batchoff* v. *Melzner*, 71 Mont. 411, 230 Pac. 48; *Humble* v. *St. John*, 72 Mont. 519, 234 Pac. 475; *Missoula Public Service Co.* v. *Bitter Root Irr. Dist.*, 80 Mont. 64, 257 Pac. 1038; *Johnson* v. *Blyberg*, 82 Mont. 336, 266 Pac. 1103; *Kenison* v. *Anderson*, 83 Mont. 430, 272 Pac. 679; *Williams* v. *Williams*, 85 Mont. 446, 278 Pac. 1009; *Sawyer* v. *Somers Lumber Co.*, 86 Mont. 169, 282 Pac. 852.)

Other errors by the plaintiff assigned have been by us carefully examined and considered and are deemed without merit.

The judgment will stand affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES FORD, ANGSTMAN and MATTHEWS concur.