No. 86-103

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

ALLEN M. GEISSLER,

   Plaintiff and Respondent,

 -vs-

HOWARD NELSON,

   Defendant and Appellant.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
       In and for the County of Gallatin,
       The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Berger Law Firm; Chris Nelson, Billings, Montana

  For Respondent:

    J. David Penwell, Bozeman, Montana

---

        Submitted on Briefs: May 15, 1986

          Decided: July 31, 1986

Filed: JUL 31 1986

*Ethel M. Harrison*
—————————————————————
       Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellant, Howard Nelson, appeals from the judgment of the District Court, Eighteenth Judicial District, County of Gallatin, awarding respondent $3,927.00, plus attorney fees. We affirm.

On April 9, 1979, Nelson sold to Geissler, his business known as Royal Honda Motors in Bozeman, Montana. The terms of the sale provided for a total purchase price of $130,000.00. Geissler made a downpayment of $65,000.00 and agreed to pay the remaining $65,000.00 at the rate of $1,309.05 per month over a five year period. Nelson was also the owner of the premises that housed Royal Honda Motors. Accordingly, the parties entered a lease whereby Geissler leased the business premises from Nelson.

Among other requirements, the lease contained a provision that Geisler deposit with Nelson a security deposit in the amount of $9,034.00. The lease stated that the security deposit was to be held:

> [F]or the performance by tenant of the [terms] of this lease. Said security deposit shall be retained by landlord without interest until termination of this lease and provided that tenant has complied with all of the terms hereof and paid all of the rental, such amount shall be returned unto tenant.

The parties' lease also provided Geissler would pay monthly rent of $4,517.05 per month. The parties, however, apparently agreed that $3,208.00 of the payment was actually rent and the remainder, $1,309.05, represented the money being paid by Geissler to Nelson to be applied against the $65,000.00 balance owed by Geissler on the purchase price of Royal Honda Motors.

Prior to the initiation of this action, on June 7, 1983, Nelson brought suit on the parties' lease in Cause No. DV-83-537, in the same District Court. On October 1, 1983, however, the lease was terminated by the parties when Nelson entered a new lease covering the business premises with Simpson Motor Cars Limited to whom Geissler had sold Royal Honda Motors. Thereafter, Cause No. DV-83-537 was dismissed by stipulation of the parties, signed October 31, 1983. Accordingly, in the instant case, the District Court found that the matters in the parties' previous lawsuit involving the lease agreement were "res judicata with the exception of the question of the security deposit which was not contemplated in the said action in Cause No. DV-83-537."

Subsequent to termination of the lease by the parties, Geissler made demands for the payment and refund of the security deposit of $9,034.00. Nelson failed to refund the deposit until January 25, 1984 when he tendered a check to Geissler written in the amount of $3,911.00. Nelson arrived at a $3,911.00 refund by subtracting from the $9,034.00 deposit, set-off claims in the amount of $1,196.00 for claimed damages to the leased premises and $3,927.00 for nonpayment of the last three installments of $1,309.05 owing on the balance of the purchase price of the business. In other words, Nelson arrived at the set-off of $3,927.00 by adding the portion of the lease payment attributable to Nelson's payment on the purchase price of the business of $1,309.05 for three months. On the back of the check tendered by Nelson the following restrictive endorsement appeared:

> Endorsement by and payment of this check to the named payee constitutes payment and return in full

# CORRECTION

Date ___8/4/86___

EDITORIAL DEPARTMENT
West Publishing Co., P.O. Box 3526, St. Paul, MN 55165

Please make the following correction in the opinion in the case of:

Title: _Geissler v. Nelson_

Vol. _____ Rptr. _____ Page _4_

In ~~first~~ second column, line __3__ from (top) ~~bottom~~.

_Nelson, crossed out the above endorsement, . . ._

should read _Geissler, crossed out the above endorsement, . . ._

Signed _Pan Chapman Otto_

The expense of making changes is such that we cannot undertake it for changes in typographical style or spacing.

West Publishing Co.

N182d

of all security deposits made said payee on a certain commercial lease dated April 8th, 1979. *Geissler* crossed out the above endorsement, wrote "Endorsement Rejected" thereunder, endorsed the check and then negotiated the same.

On February 3, 1984, Geissler commenced this action for return of the remainder of his security deposit. In his answer Nelson raised the affirmative defense of accord and satisfaction. Trial was held without a jury on April 26, 1985. The District Court found that damages were done to the business premises entitling Nelson to a set-off against the security deposit in the sum of $1,196.00. The District Court, however, also found that Nelson was not entitled to his second claimed set-off in the sum of $3,927.00 because on October 1, 1983, Nelson entered an agreement with Simpson Motor Cars Limited for the lease of the same premises previously leased to Geissler and received compensation in the same amount being received from Geissler. In other words, the District Court determined that no damages were suffered by Nelson as a result of Geissler's alleged failure to make payments upon the purchase price claimed as a set-off.

Nelson raises four issues for our review:

1. Whether the District Court erred in not finding that the previous action between the parties was a bar, either by res judicata or estoppel, or both, to the subsequent claim herein for return of the security deposit;

2. Whether the District Court erred in not finding that the restrictive endorsement on the check that was sent by Nelson to Geissler constituted an accord and satisfaction when Geissler endorsed and cashed the check;

- 4 -

3.  Whether the District Court erred in failing to make a finding as to whether or not $1,309.00 per month was for the purchase of the business or was for other consideration; and,

4.  Whether the District Court erred in finding that any of the security deposit monies were due and owing from Nelson to Geissler.

Nelson first contends that Geissler's present action for the return of his security deposit given to secure performance under the parties lease is barred by res judicata.  The record in Cause No. DV-83-537 indicates that although the previous action did indeed refer to the existence of the lease between the parties, the only claims for relief in that action by Nelson were:  1)  the payment of back rent;  2)  a demand for the retaking of possession of certain personal property pledged as security for the payment of said rent;  and,  3)  a claim for general damages and punitive damages.   In the previous action Geissler counterclaimed for specific performance of the terms of an option he had under the lease which Nelson had refused to honor.  No other issues were raised by either party in Cause No. DV-83-537.

This Court has stated the criteria to be used in determining whether an action is barred by res judicata as follows:

1.  The parties or their privies must be the same;

2.  The subject matter of the action must be the same;

3.  The issues must be the same and must relate to the same subject matter; and

4.  The capacities of the persons must be the same in reference to that subject matter and to the issues between them.   Fox v. 7L Bar Ranch Co.

- 5 -

(1982), 198 Mont. 201, 206, 645 P.2d 929, 931, S-W
Co. v. John Wright, Inc. (1978), 179 Mont. 392,
405, 587 P.2d 348, 355.

In the present case Nelson's res judicata claim fails as it relates to criteria 2 and 3. Clearly, neither the subject matter nor the issues raised were the same in both cases. The subject of the unpaid security deposit and the issue of its payment were never before the District Court in Cause No. DV-83-537 since refund of the entire deposit was not refused until January 25, 1984 when Nelson tendered a partial refund and the prior case was terminated by stipulation of the parties on October 31, 1983. We, therefore, affirm the District Court's finding that all matters involving the lease agreement were res judicata with the exception of the security deposit which was not contemplated in the previous action.

Nelson next contends that the District Court erred in not finding that the restrictive endorsement on the check sent by Nelson to Geissler constituted an accord and satisfaction. Geissler, in the converse, contends that the District Court correctly ruled that there was no accord entered into by the parties.

The phrase "accord and satisfaction" means the substitution of a "new agreement" in satisfaction of an obligation, different from the original rights existing under an antecedent liability. From that premise it follows that when an accord has been executed it operates as a complete bar to an action on the original claim. See Sawyer v. Somers Lumber Co. (1929), 86 Mont. 169, 171, 282 P. 852, 854.

In Montana both accord and satisfaction are defined by statute. Section 28-1-1401, MCA, provides:

- 6 -

> An accord is an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled. Though the parties to an accord are bound to execute it, yet it does not extinguish the obligation until it is fully executed.

Section 28-1-1402, MCA, defines satisfaction as follows:

> Acceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction.

There is no doubt in the instant case but that Geissler accepted the consideration tendered by Nelson which would constitute a satisfaction if in fact the parties entered into an accord. Section 28-1-1401, MCA, clearly defines an accord as an "agreement" to extinguish the original obligation for something different or less than the creditor is entitled. There, however, is the additional requirement that an offer to enter an accord be accepted in writing. Section 28-1-1403, MCA, provides:

> Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing in satisfaction or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation. (Emphasis added.)

In Sawyer, we held that the endorsement of a check by a creditor for the purpose of cashing it is not such a writing as is contemplated by § 28-1-1403, MCA. Sawyer, 86 Mont. at 177, 282 P. at 854. In the instant case there was also no agreement in writing to enter an accord other than Geissler's endorsement of the check. To hold on the facts of this case that the parties did enter an accord simply by Geissler endorsing Nelson's check would be akin to condoning a form of commercial blackmail. We, therefore, hold that the District Court properly found that there was no accord entered by the parties because there was no such "agreement" and even if there was it was not in writing.

The final two issues raised by Nelson are simply repetitious. We, therefore, decline to discuss them further. We affirm the District Court.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

- 8 -