No. 86-188

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

INTERSTATE PRODUCTION CREDIT
ASSOCIATION, a corporation,

        Plaintiff and Respondent,

   -vs-

ROBERT K. ABBOTT and RITA
ABBOTT, husband & wife,

        Defendants and Appellants.

_____

APPEAL FROM:  District Court of the Tenth Judicial District,
              In and for the County of Fergus,
              The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Robert K. Abbott, pro se, Lewistown, Montana

    For Respondent:

        Craig R. Buehler, Lewistown, Montana

_____

Submitted on Briefs: August 14, 1985

Decided: October 9, 1986

Filed: OCT 9 - 1986

_____

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from the order of the District Court, Tenth Judicial District, Fergus County, authorizing plaintiff to take possession of collateral pursuant to a security agreement between plaintiff and defendants. We affirm the District Court order.

Defendants raise two issues on appeal. Defendants first argue that plaintiff Interstate Production Credit Association (PCA) was not the real party in interest and therefore had no right to seize the collateral. Defendants contend they entered into an agreement with Central Montana Production Credit Association, and that it was incumbent on plaintiff Interstate PCA to prove it had an interest in the security agreement. Interstate PCA responds that the issue of real party in interest was not raised at the hearing, and is therefore barred from being considered for the first time on appeal.

Rules 17(a) and 9(a), M.R.Civ.P. are identical to the federal rules. Rule 17(a) states: "Every action shall be prosecuted in the name of the real party in interest." Under Rule 9(a), M.R.Civ.P., challenges to a party's capacity to sue or be sued must be raised by specific negative averment in the pleadings. Failure of a party to raise the issue of capacity by specific negative averment in the responsive pleading or in a motion before the pleadings results in a waiver of that defense. Summers v. Interstate Tractor & Equipment Co. (9th Cir. 1972), 466 F.2d 42, 49.

In his opening statement, counsel for Interstate PCA explained that Central Montana PCA and Interstate PCA were

"one and the same identities" [sic]. Defendants did not object to Interstate PCA's standing at that time, or at any other time during or after the hearing. Their first challenge to PCA's standing is here on appeal. We therefore hold defendants' failure to assert plaintiff's lack of standing in a timely manner is a waiver of their right to this defense.

The second issue raised by defendants is whether the District Court erred in finding the security agreement debt was not discharged by an accord and satisfaction. Defendants' claim of accord and satisfaction is based on the following facts.

On January 2, 1985, defendants entered into a loan and security agreement with the PCA. They used their farm machinery, livestock and crops as collateral. The defendants defaulted on their regular loan installment in July, 1985. As of December 5, 1985, the date of the notes' maturity, defendants owed PCA over $130,000. In the fall of 1985, defendants offered to settle the debt with PCA. Defendants proposed to give PCA the machinery listed on the security agreement, listed at $66,000, plus the proceeds from sale of cattle in exchange for extinguishment of the debt. PCA refused the offer.

On December 7, 1985, defendants received a $3,126.60 check from the sale of cattle at the Public Auction Yards in Billings. The check was made jointly payable to defendants and PCA, since there was a chattel mortgage on defendants' brand to the PCA. Defendants took the check to a print shop in Billings and had the following language printed on the back of the check:

> Payee Abbott offers his interest in this draft to co-payee as an accord between payees, whereby acceptance of his interest herein will extinguish all obligation existing as allowed by 28-1-1401 M.C.A. 1983. Endorsement hereof by co-payee is acceptance of this offer and is meant to be evidence of full satisfaction extinguishing all debt as specified 28-1-1402 etal supra. [sic] Co-payee intends hereby that its endorsement is acceptance of part performance after breach and that same operates as a full and separate receipt for the consideration and evidences full execution of accord and releases Abbott fully from all obligation existing now and forever.

The typeset used was similar to that already printed on the check by the Public Auction Yards.

On December 18, 1985, defendants presented the above endorsed check to a PCA receptionist-cashier at the Lewistown office, saying they had a check for payment on cattle they had sold. The receptionist took the check, stamped it for deposit, and gave defendants a receipt crediting their loan account. Defendants argue that since the receptionist could have read the printed endorsement and rejected the check, but did not do so, she accepted the terms of the endorsement. They argue that the printing on the back of the check is an accord, and that by cashing the check, PCA performed the satisfaction. Defendants rely on §§ 28-1-1401 through -1403, MCA, as support for their contention.

Montana statutes define accord and satisfaction as follows:

> 28-1-1401. Accord--definition and effect. An accord is an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled. Though the parties to an accord are bound to execute it, yet it does not extinguish the obligation until it is fully executed.

> 28-1-1402. Satisfaction--definition and effect. Acceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction.

The critical language is that "an accord is an agreement." This presupposes a meeting of the minds of the parties as to the terms of the accord. This Court has held "[a]n accord and satisfaction is founded upon contract . . .." Sawyer v. Somers Lumber Company (1929), 86 Mont. 169, 177, 282 P. 852, 854. The essential elements of a contract are 1) parties capable of contracting; 2) their consent; 3) a lawful object and 4) adequate consideration. Section 28-2-102, MCA. As to the element of consent, it must be free, mutual and communicated by each party to the other. Section 28-2-301, MCA.

The element of mutual consent is clearly lacking in the alleged agreement between defendants and PCA. Defendants, in an otherwise routine transaction, presented the PCA receptionist with a Public Auction Yard check, merely telling her they were there to present a check from sale of their cattle. They did not indicate to her that they were there to negotiate an accord. The language printed on the back of the check by which the defendants purport to bind PCA, was typeset in such a manner as to make the language appear to be boilerplate. Defendants admitted at the hearing below that they hoped no one at PCA would read the language before cashing the check.

This Court has held that the endorsement of a check by a creditor for the purpose of cashing it is not such a writing as would give rise to an accord under the Montana statutes. Geissler v. Nelson (Mont. 1986), 722 P.2d 632, 635, 43 St.Rep. 1372, 1376; Sawyer v. Somers Lumber Co. (1929), 86 Mont. 169, 177, 282 P. 852, 854. The presentation of a check in order to trick the creditor into extinguishing an existing obligation does not rise to the level of a new agreement.

- 5 -

Our review of the record indicates the District Court's finding that no accord and satisfaction was executed, and that PCA was entitled to take possession of the collateral pursuant to the security agreement, is supported by substantial, credible evidence.

We affirm the District Court.

_John C. Shelby_
Justice

We Concur:

_L. A. Turnage_
Chief Justice

_____

_____

_William E. Hunt_
Justices