MATTHIS, RESPONDENT, *v.* CAMPBELL, APPELLANT.

(No. 6,370.)

(Submitted January 16, 1929. Decided February 16, 1929.)

[274 Pac. 501.]

*Mr. Charles W. Campbell,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Ernest A. Peterson,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action to recover damages for conversion. The complaint alleges ownership and right of possession in plaintiff of 321 bushels of wheat in September, 1926, the unlawful conversion by the defendant, and asks for damages in the sum of $370, the alleged value of the wheat.

The answer is a general denial, together with an affirmative defense, which alleges that in September, 1925, plaintiff and defendant entered into an oral agreement, whereby plaintiff was to do certain specified seeding, summer-fallowing, and other work on the farm of the defendant, and that defendant agreed to pay plaintiff "an amount of money equal to the proceeds from the sale of one-third of the wheat raised on said premises

during the season of 1926," less one-third of the threshing and twine bill. It further alleges that, if plaintiff failed to perform the work in a farmerlike manner, then he was to be paid the reasonable value of his services; that it was agreed that plaintiff should not acquire any right, title, or interest in the crop; that defendant sold all of the grain raised, and paid plaintiff, or for his account, the sum of $777.05, which was the full amount owing to him.

By way of a first counterclaim the answer repeats the allegations of the affirmative defense, and alleges that plaintiff failed to plant 20 acres to winter wheat as agreed, which resulted in damages to defendant in the sum of $400.

For a second counterclaim the answer alleges that defendant performed 12½ days' work for plaintiff at his request, and for which he agreed to pay the reasonable value, alleged to be the sum of $50.

The reply admits the making of an oral lease by plaintiff and defendant in September, 1925, of the farm referred to in the answer, but avers that defendant, under its terms, was to receive "as rental of said premises for the year, a two-thirds share of the crop raised thereon"; that plaintiff took possession of the farm and farmed it for one year, raising approximately 2,800 bushels of wheat; that defendant sold the whole of the crop on or about September 1, 1926, and that a part of the plaintiff's share consisted of the 321 bushels then in the possession of the defendant, which the defendant disposed of to his own use. The reply admits that defendant paid to plaintiff $777.05, but denies that it represents the full amount owing to him. It denies the allegations of new matter contained in the counterclaims.

By stipulation the cause was tried by the court without a jury. Judgment was rendered in favor of plaintiff in the sum of $147.50. Motion for new trial was denied, and this appeal taken from the judgment.

1. It is contended by defendant that it was error not to sustain defendant's motion for nonsuit. This contention is

without merit.  The evidence on behalf of plaintiff, briefly summarized, was as follows: That he rented a farm from the defendant in the fall of 1925, situated near Willow Creek, and farmed it for one year; that, by the oral agreement between plaintiff and defendant, plaintiff was to receive one-third of the crop and pay one-third of the twine and threshing bill, and defendant was to furnish the seed, machinery, horses, and their feed; that he raised 2,800 bushels of wheat by machine measure; that he received $777.05 out of his share, or the equivalent of 606 bushels, when he should have received the equivalent of 933 bushels; that the wheat was worth about $1.20 per bushel.

There was ample evidence introduced by plaintiff to support the allegations of his complaint as amplified by the reply.  It was not error to refuse to sustain the motion for nonsuit.

2. Defendant also contends that the court erred in entering judgment for the plaintiff and in holding that defendant was not entitled to recover on account of his counterclaims.

The evidence introduced by the defendant was a flat contradiction of that offered by plaintiff as to the terms of the agreement between the parties.  The evidence of the defendant and his witnesses was in harmony with the allegations of the answer, to the effect that, by the terms of the agreement, plaintiff was to receive an amount of money equal to the proceeds from the sale of one-third of the wheat raised on the premises, in the event that he farmed the land in a farmerlike manner, and, if he did not, that then he was to receive the reasonable value of his services.  The evidence on the part of the defendant also tended to show that plaintiff did not farm the land in a farmerlike manner, and that he was fully paid for the reasonable value of his services.  The evidence introduced by the defendant also tends to support his alleged counterclaims.

Plaintiff's evidence flatly contradicts that of defendant's witnesses, not only as to the terms of the agreement, but as to its faithful performance.  The testimony of plaintiff also shows that defendant did not comply fully with his part of the agreement to furnish seed, machinery, horses, and their feed, and that, because of that fact, the 20 acres referred to in the first

counterclaim were not planted to winter wheat, and that, if plaintiff did not work the farm in a farmerlike manner, it was due to defendant's failure to furnish sufficient feed for the horses. The evidence is conflicting on all of the issues save the second counterclaim set up by the defendant, and as to that the plaintiff admitted that defendant worked for him for 12½ days, but stated that the reasonable value of the work was only $43.75 instead of $50, as alleged. The court apparently found for the defendant on this counterclaim, and reduced plaintiff's demand by that much, as well as by considerably more, which was probably done in view of the conflict in the evidence regarding the amount of wheat raised on the farm during the year in question. Plaintiff testified that there were approximately 2,800 bushels raised, while defendant testified that the farm produced only 2,606 bushels, and out of this 106 bushels were used for seed.

The court did not make findings of fact, and, therefore, we are unable to determine just how the court arrived at the figure of $147.50, which is the amount of the judgment awarded to plaintiff. We are not able to say, however, that there is no substantial evidence to support the judgment. Where the evidence is conflicting in an action at law tried by the court without a jury, this court will not undertake to pass judgment upon the weight or preponderance of the evidence. As was said in the case of *Teagarden* v. *Calkins*, 55 Mont. 35, 173 Pac. 549: "In other words, the question is one of fact, and as this was a law action tried by the court sitting without a jury, we will not determine where the apparent weight of the evidence may be, but are obliged, upon principles too well settled for discussion, to accept the findings respecting value if there is any substantial evidence to support them."

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.