CELLARS, Respondent, v. DWINNELL, Appellant.

(No. 6,569.)

(Submitted February 14, 1930.   Decided February 28, 1930.)

[285 Pac. 181.]

74

*Mr. Stewart McConochie,* for Appellant.

76

*Messrs. Belden & DeKalb* and *Merle C. Groene,* for Re-
spondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action to recover the face value of a check drawn by defendant on the First National Bank of Winifred, Montana, payable to J. C. Gossett and by the latter indorsed and delivered to plaintiff, for value. By appropriate pleadings the issue was presented as to whether the check had been paid and discharged by reason of the delay of plaintiff in presenting the check for payment and in giving notice of dishonor and nonpayment. The cause was tried to the court without a jury. Judgment was entered for plaintiff and defendant appealed.

The only question presented by the appeal is whether the evidence is sufficient to support the judgment.

The record shows that plaintiff is a merchant residing at Christina, in Fergus county, which is about fifteen miles south of Winifred and twenty-five miles north of Lewistown. At the time in question here he was also postmaster at Christina. Defendant at the time of the transaction here involved was engaged in buying cattle in the vicinity of Winifred and received his mail at Christina. Christina is located on a branch line of the Milwaukee Railroad, extending from Lewistown to Winifred, and has no banking facilities. At the times in question here there was train service between Lewistown and Winifred on Mondays, Wednesdays and Fridays of each week, the train leaving Lewistown at 9 o'clock in the morning, arriving at Winifred at 1 o'clock in the afternoon and returning to Lewistown on the same day. On Tuesdays, Thursdays and Saturdays of each week a stage carrying first-class mail left Winifred at 9 o'clock in the morning, arriving in Lewistown about noon and leaving at 3 P. M. for Winifred. The American Express Company maintained an office in Winifred for the transaction of business in September and October, 1925, and as a part of its business for compensation presented checks for collection upon the bank in Winifred. The check

in question was issued on September 29, 1925. Plaintiff received it from Gossett on October 2 and on the same day mailed it to the National Bank of Lewistown where he did his banking business, and requested the bank to send him the money by registered mail. This the bank did, and the money was turned over to Gossett. The Lewistown bank received the check and mailed it to the Winifred bank for payment on October 2. The check left Lewistown on the stage on Saturday, October 3, and arrived at the Winifred bank the same day about 4 o'clock in the afternoon.

It appears that, had the Winifred bank returned the check unpaid at the close of business on Monday, October 5, it would have reached the Lewistown bank on October 6 and in due course would have reached plaintiff at Christina on October 7. The Winifred bank closed its doors at the close of business on October 10. The check in question was not paid by the Winifred bank. Between September 29 and October 6, inclusive, the Winifred bank paid all checks drawn on it and presented over the counter in person, but plaintiff had no knowledge of that fact at the time. Between September 29 and October 6, inclusive, the Winifred bank had in its vaults sufficient money to pay the check in question, and defendant had on deposit in the Winifred bank to his credit between September 29 and October 10 sufficient money to pay the check.

At the time in question it was customary for the Lewistown bank to collect items drawn on outside banks in Fergus county, and present them for collection and payment, by mail to the bank upon which they were drawn. Plaintiff received the check from Gossett after the train had gone to Winifred on October 2. On October 6 or 7 plaintiff first learned that the check had not cleared, by receiving a letter from the cashier of the Lewistown bank. After learning that the check had not cleared, plaintiff made inquiries to ascertain the whereabouts of defendant and learned that he was going from place to place in the Winifred country buying cattle and was un-

able to locate him. Defendant at no time between October 2 and October 14 called for his mail at Christina. On October 15 plaintiff saw defendant at the former's place of business and informed him that the check had not cleared. The Lewistown bank, upon returning the check, charged plaintiff's account with the amount of the check.

There is a conflict in the record regarding some of the foregoing facts, but the facts in conflict have been resolved by the trial court in favor of plaintiff, and our province is but to determine whether there is any substantial evidence to support the judgment, and we must accept that as true which plaintiff's evidence tends to prove, even though it is contradicted. (*Matthis* v. *Campbell*, 84 Mont. 195, 274 Pac. 501; *Sawyer* v. *Somers Lumber Co.*, 86 Mont. 169, 282 Pac. 852.)

Counsel for plaintiff contend that, since there is evidence that plaintiff received the check on October 2, and since the court found in his favor, we must accept that fact as established even though it is contradicted by evidence offered by the defendant that plaintiff actually received it on September 29, the date it was issued. Conceding plaintiff's contention in this respect, it does not solve the problem here presented.

By section 8593, Revised Codes of 1921, "a check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." Here the action is against the drawer, and as to him the requirement of the statute is that the check must have been presented within a reasonable time after its issue. The rule is that transfers of a check to successive indorsees do not extend the time within which it must be presented so far as the drawer is concerned. (Daniel on Negotiable Instruments, 6th ed., sec. 1595; 8 C. J. 544; 5 R. C. L. 507; *Gordon* v. *Levine*, 194 Mass. 418, 120 Am. St. Rep. 565, 10 Ann. Cas. 1119, 10 L. R. A. (n. s.) 1153, 80 N. E. 505; *Watt* v. *Gans*, 114 Ala. 264, 62 Am. St. Rep. 99, 21 South. 1011.)

Under section 8478, Revised Codes of 1921, presentment of a bill of exchange is sufficient "if made within a reasonable time after the last negotiation thereof." And the fact that under section 8592 it is provided that "except as herein otherwise provided, the provisions of this Act applicable to a bill ▇ of exchange payable on demand apply to a check" does not alter the rule that so far as the drawer of a check is concerned it must be presented within a reasonable time after its issue, regardless of the time of the last negotiation thereof. (8 C. J. 544, note 62.) But conceding that the check was not presented within a reasonable time after its issue, it does not necessarily follow that the drawer has been discharged from liability thereon, for under section 8593 he is only discharged "to the extent of the loss caused by the delay."

Plaintiff had the right to present the check in the manner here shown (*Jensen* v. *Laurel Meat Co.*, 71 Mont. 582, 230 Pac. 1081), even though a personal presentment over the counter might have been productive of more satisfactory results, since, as shown here, the plaintiff did not know of that fact and, so far as the record shows, knew nothing of the precarious condition of the bank. (*Blackwelder* v. *Fergus Motor Co.*, 80 Mont. 374, 260 Pac. 734.) It was presented at a time when defendant had funds in the bank to meet its payment and when the bank had sufficient money in its vaults to pay it. It does not appear that the bank would have paid the check if presented in the same manner immediately after its issue. Rather it affirmatively appears that the same result would have followed by a more timely presentation of the check, for it is a fair inference from the record that the bank was paying checks between September 29 and October 6 which were presented over the counter only. The loss sustained by defendant, on the record here presented, was due to the wrongful acts and the unreasonable practice of the bank in honoring checks presented in person over the counter only, rather than to the delay in presenting the check for payment.

Defendant asserts also that the check was paid and defendant's obligation thereon discharged by reason of the fact that the Winifred bank held it more than twenty-four hours after presentment and for that reason is deemed to have accepted it. The cases of *Clarke* v. *National Bank of Montana*, 78 Mont. 48, 252 Pac. 373, and *Blackwelder* v. *Fergus Motor Co.*, supra, are relied upon in support of this argument. This contention cannot be sustained, on the record here presented, for there is no evidence showing how long the check was retained by the Winifred bank, or whether the twenty-four hour period was extended by the holder under section 8544, Revised Codes of 1921.

The evidence shows that the Winifred bank received the check at 4 P. M. on Saturday, October 3. The record does not show when the check was returned to the Lewistown bank. The evidence shows that plaintiff received a letter from the cashier of the Lewistown bank on October 6 or 7, informing him that the check had not cleared, and on October 14 he received the check. So far as appears from the record, the Winifred bank may have returned the check to the Lewistown bank within twenty-four hours after its presentation. Since the defendant had the burden of proving that the check was paid and his obligation discharged, and since the record does not show that the check was retained by the Winifred bank for more than twenty-four hours, his contention on this phase of the case must fail.

It is contended by defendant that the check was not accepted by the Winifred bank upon presentation, but was by it dishonored, and that plaintiff failed to give notice of dishonor as required by section 8496, Revised Codes of 1921, and within the time provided in sections 8510 and 8511. Regarding this contention the general rule is that unless the drawer of the check has sustained loss or damage by reason of the delay in giving notice of dishonor or nonpayment, such delay is of no consequence. (5 R. C. L. 516, note 1; *Holmes* v. *Briggs*, 131 Pa. 233, 17 Am. St. Rep. 804, and cases cited in the note

on page 810, 18 Atl. 928.) Here any notice given after October 7 would not have aided the defendant in preventing loss. Also, under section 8519 "notice of dishonor is dispensed with when, after the exercise of reasonable diligence, it cannot be given to or does not reach the parties sought to be charged." And by section 8520 "delay in giving notice of dishonor is excused when the delay is caused by circumstances beyond the control of the holder, and not imputable to his default, misconduct, or negligence."

The evidence shows that even if plaintiff had presented ▮ the check for payment sooner, or if it had been presented the day after its issue, notice of dishonor could not have been given to defendant before October 7, for, according to his own evidence, he was on the road to Sioux City, Iowa, and return, between September 29 and October 7, with a shipment of cattle. Plaintiff made inquiries to locate the defendant after he learned that the check had not cleared on October 6 or 7, but was unable to do so until about October 15. These circumstances were sufficient to warrant a finding excusing the giving of notice of dishonor sooner. (8 C. J. 684, 685.)

There is substantial evidence supporting the judgment, and it is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews, Galen and Ford concur.