KEARNEY, Respondent, *v.* INDUSTRIAL ACCIDENT
BOARD, Appellant.

(No. 6,789.)

(Submitted June 4, 1931.   Decided June 24, 1931.)

[1 Pac. (2d) 69.]

*Mr. E. G. Toomey,* for Appellant, submitted a brief and argued the cause orally.

*Mr. A. L. Hughes,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

On August 19, 1929, Maud J. Kearney, wife of John Kearney, was and for two and one-half months had been in the employ of the Nyack Tie & Timber Company as a cook. The company in its logging operations was covered by the Workmen's Compensation Act. On Monday, August 19, 1929, Andrew Nelson, who was in charge for the company, directed Mrs. Kearney to accompany him by autotruck to the city of Kalispell in order to make purchase of some kitchen supplies, which she did. After purchase of such supplies, Nelson, with Mrs. Kearney in the truck, started to Nelson's home to procure some logging equipment. At the intersection of Seventh Street and Eighth Avenue in Kalispell an automobile collided with the truck driven by Nelson, as a result of which Mrs. Kearney sustained injury from which she died on the date of the accident at the Sisters' Hospital in Kalispell, to which she had been taken. At the time she was being paid by the company $3 per day and her board and her husband was living with her.

On August 30, 1929, after her burial, her surviving husband made inquiry of the Industrial Accident Board as to his right to compensation. Later, on October 7, 1929, he made and filed a formal claim for compensation, alleging dependency upon his wife for sppport. On January 13, 1930, the board requested the claimant to submit his proofs by affidavits at a hearing set for February 5, 1930, at Kalispell. The claimant, pursuant to such request, filed eight affidavits in support of his case. The chairman of the board visited Kalispell, received the affidavits, and thereupon named Drs. Houston, Conway, and Cockrell to examine the claimant and report as to his physical condition. They made an examination which was completed by them by February 6, 1930, as shown by their unverified written report signed by B. I. Conway for Drs. Houston, Conway, and Cockrell.

On March 13, 1930, the board rendered decision against the claimant, basing it largely upon the physicians' report above mentioned. The claimant moved the board for a rehearing which was denied on April 12, 1930, and thereupon, on April 23, 1930, appealed to the district court of Flathead county. With the identical record before it, the court, on June 20, 1930, set aside the findings and conclusions of the board and rendered decision that the claimant is entitled to compensation. The case is now before us upon the same record on appeal from the judgment.

But one question is involved necessary to a decision, viz.: Did John Kearney establish by a preponderance of the evidence that at the time of his wife's injury and death he was living with her and depended on her for support or legally entitled to be supported by her and incapable of supporting himself?

A "beneficiary" within the express language of the statute ▉▉ means and includes among others named "a surviving wife or husband." (Sec. 2865, Rev. Codes 1921.) And a " 'husband' or 'widower' incapable of supporting himself, and living with, or legally entitled to be supported by the deceased at the time of the injury," is among those named as beneficiaries. (Id. 2877.) The language employed in the statute is plain and specific requiring no interpretation. The husband's right to compensation is entirely one of fact, and with the cold record now before us we are in as favorable a position as either the board or the district court to pass on the merits. (*Morgan* v. *Butte Central Min. & Mill. Co.*, 58 Mont. 633, 194 Pac. 496.)

We have carefully read and considered all of the evidence in the case, and are of opinion that the claimant established his right to compensation under the law by undisputed evidence. He was shown to have been living with his wife at the time of her death, and because of physical disability incapable of supporting himself, and for nearly a year before and at the time of the accident had been wholly dependent on her earnings for his support, and possessed no property or independent income. A review of the evidence will serve no useful purpose here. It

is all in substantiation of the rights of the claimant to compensation under the terms of the statute. The report of Drs. Houston, Conway, and Cockrell as to his physical condition appears to have related to the condition of the claimant long after the death of his wife, viz., in February, 1930. Among other things, it is said in the report that "condition about the rectum and anus cause total disability, but this could be relieved and probably cured by operation." The Industrial Accident Board as a trier of facts presented to it under the Workmen's Compensation Act may not disregard uncontroverted creditable evidence in making its findings, and neither the district court nor this court is bound by the board's findings where the record evidence is the same. (*Goodwin* v. *Elm Orlu Min. Co.*, 83 Mont. 152, 269 Pac. 403.) In the case before us the evidence in support of the claim is made up entirely of uncontradicted affidavits. In our opinion this physicians' report did not warrant the board in denying compensation in view of the prima facie case made. Claimant's right to compensation, according to the statute, is based upon the question as to whether, as a widower, he was capable of supporting himself at the date of his wife's injury and resulting death, as shown by the evidence. The determination to be made is whether he was then incapable of supporting himself and living with, or legally entitled to be supported by, his wife at the time of her injury, within the meaning of the law; the Industrial Accident Board is not concerned with possible future conditions, but rather with the question as to whether or not the claimant was incapable of supporting himself and living with, or legally entitled to be supported by, his wife at the time of the accident and for a reasonable time prior thereto. (*Morgan* v. *Butte Central Min. & Mill Co.*, supra.) The amount of compensation which he shall be paid is a wholly different matter.

Where, on appeal, it is found by the court that "the findings and conclusions of the board are not in accordance with either the facts or the law, or that they ought to be other or different than those made by the board, or that any finding and conclu-

sion, or any order, rule, or requirement of the board is unreasonable, the court shall set aside such finding, conclusion, order, judgment, decree, rule, or requirement of said board, or shall modify or change the same as law and justice shall require, and the court shall also make and enter any finding, conclusion, order or judgment that shall be required, or shall be legal and proper in the premises." (Sec. 2961, Rev. Codes 1921.)

In our opinion, upon the proof submitted, the court was not in error in overruling the determination made by the Industrial Accident Board, and accordingly the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES FORD, ANGSTMAN and MATTHEWS concur.

Rehearing denied July 6, 1931.