BROWN BROTHERS LUMBER CO., Respondent, *v.* MITCHELL, Appellant.

(No. 7,123.)

(Submitted November 9, 1933. Decided November 22, 1933.)

[26 Pac. (2d) 969.]

*Mr. J. Miller Smith, Mr. Paul W. Smith* and *Mr. David R. Smith,* for Appellant, submitted a brief; *Mr. David R. Smith* argued the cause orally.

*Mr. Frank T. Hooks,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action for damages for the conversion of an undivided one-half interest in 160 tons of hay. By agreement the cause was tried to the court without a jury, resulting in judgment for the plaintiff. Defendant has appealed from the judgment. The principal question presented is that of the sufficiency of the evidence to justify the decision.

The salient facts are these: Defendant owns land in Broadwater county which he leased on May 12, 1928, to William G. Franklin for the term ending on March 1, 1929. By the terms of the lease one-half of the proceeds of the farm were to be paid to Mitchell as rental. Plaintiff furnished materials and supplies to Franklin between September, 1927, and August, 1928, and in payment therefor Franklin, on November 27, 1928, executed and delivered to plaintiff his promissory note in the sum of $420, payable on demand, and to secure its payment executed and delivered a chattel mortgage covering certain machinery and "all right, title and interest in 160 tons of mixed blue joint and wild hay, now in the stack on the A. D. Mitchell ranch." The mortgage was duly filed on November 27, 1928. Partial payments had been made on the note, leaving a balance of $372.80 due on the principal sum, when this action was commenced. The correctness of the items going to make up the account are not here questioned.

On May 14, 1928, Franklin and his wife executed and delivered to Mitchell an assignment of "their one-half interest in the products of all kinds that may be produced upon what is known as the Mitchell ranch." The assignment was not filed. The evidence is in sharp conflict as to when plaintiff had actual notice of the assignment and the consideration therefor. The hay in question was sold by Mitchell to M. E. Plymale in September, 1930, for $7 per ton. There were then 124 tons of the 1928 hay. As noted above, in many particulars the evi-

dence was conflicting. Our province then is but to ascertain whether there is any substantial evidence to support the findings and judgment of the court. (*Teagarden* v. *Calkins,* 55 Mont. 35, 173 Pac. 549; *Matthis* v. *Campbell,* 84 Mont. 195, 274 Pac. 501; *Kenison* v. *Anderson,* 83 Mont. 430, 272 Pac. 679; *Sawyer* v. *Somers Lumber Co.,* 86 Mont. 169, 282 Pac. 852.)

On behalf of plaintiff there is evidence that through a misunderstanding some of the items going to make up the indebtedness of Franklin to plaintiff had been charged on the books of plaintiff to Mitchell. Plaintiff's agent interviewed Mitchell with reference to the account. Mitchell advised the agent that plaintiff would have to look to Franklin for payment of the bill, and that Franklin's share of the hay amounted to ''around 80 tons and it is enough to pay our entire bill''; that Mitchell then told plaintiff's agent that he had an assignment from Franklin to protect him for advances made to Franklin; the advances he said amounted to fifteen or twenty dollars for moving Franklin to the land and also for some grass seed. The agent suggested to Mitchell that the renter ''isn't going to pay for grass seed,'' to which Mitchell replied that he (Franklin) put the seed in against his (Mitchell's) judgment and that he (Mitchell) was charging $80 for grass seed. Plaintiff's agent thereupon suggested to Mitchell, ''if that is the amount you claim against Franklin there is no reason why we can't get this full amount of the bill out of the sale of the Franklin hay,'' to which Mitchell replied, ''Absolutely not, there is no reason why you couldn't get your money and I want to see you get it.'' The agent thereupon stated to Mitchell that he was going to take a mortgage on the hay, to which Mitchell suggested that the agent take an assignment of Franklin's interest in the hay. The agent thereupon obtained the mortgage from Franklin.

Plymale testified that, when Mitchell sold the hay to him, Mitchell told him there would be no trouble about it, to go ahead and buy the hay, that there would be enough to pay Brown Bros.

There is evidence that Mitchell made statements to plaintiff's agent that plaintiff would get its money when the hay

was sold, and that he, Mitchell, would see that Brown Bros. Company would get its money at that time. Also that in a conversation between Mitchell and Ed. O. Brown, local manager of plaintiff at Townsend, regarding the hay in question, Mitchell stated to Brown that, "If you take any of that hay I want $10 a ton for half of it."

Defendant and his witnesses gave an entirely different version of these conversations, but we need not allude to their evidence since, in determining the question before us, we must consider that proved which plaintiff's evidence tends to prove—the court having found. for plaintiff—and it is immaterial that the evidence for plaintiff was disputed by that of defendant.

Franklin continued in possession of the leased premises and in control of the growing hay after making the assignment. There is no claim that he delivered possession of the hay crop to Mitchell until in September, 1928. Whether the proof was sufficient to show a delivery and change of possession at that time, within the rules stated in *O. W. Perry Co.* v. *Mullen,* 81 Mont. 482, 263 Pac. 976, 56 A. L. R. 514, we need not determine.

If we say that the assignment was good and valid notwithstanding section 8604, Revised Codes 1921, there is ample evidence in the record to warrant a finding that it was given as security merely for the payment of fifteen or twenty dollars for drayage charges. The court under all the circumstances was warranted in excluding the claimed charge for grass seed, amounting to about $80, since there was no evidence in the record that Franklin had agreed to pay therefor. Since he was a tenant for less than a year, it seems unlikely that he would have so agreed. Mitchell's statement was that he made that charge against Franklin but made no showing that Franklin had agreed that he might do so. As to the drayage charge, there is proof that the hay brought sufficient to discharge that obligation in addition to that for which the hay stood as security to plaintiff under its mortgage. Such being the case, the court was justified in finding for plaintiff.

Other assignments of error relate to the admission of evidence. We have considered the assignments and find them to be without merit.

No error appearing, the judgment appealed from is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.