ANDERSON ET AL., APPELLANTS, *v.* AMALGAMATED SUGAR CO. ET AL., RESPONDENTS.

(No. 7,260.)

(Submitted September 28, 1934. Decided November 7, 1934.)

[37 Pac. (2d) 552.]

24

*Mr. Elmer E. Hershey, Mr. H. Lowndes Maury* and *Mr. A. G. Shone,* for Appellants, submitted a brief; *Mr. Hershey* argued the cause orally.

*Mr. Howard Toole,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

Victoria and Ole Anderson have appealed from a judgment of the district court of Missoula county sustaining findings and judgment of the Industrial Accident Board denying them compensation for the death of their son, Ivan Anderson, an employee of defendant Amalgamated Sugar Company.

Ivan Anderson died on January 3, 1932, as a result of an infection which had its origin in his nose. On March 3

thereafter plaintiffs filed a claim for compensation against the sugar company and Standard Accident Insurance Company, insurer under plan 2 of the Compensation Act (Rev. Codes 1921, sec. 2978 et seq.). They claimed to be major dependents of deceased, whose death they asserted was the result of an alleged accidental injury received in the course of his employment with the defendant company. A hearing was had before the Industrial Accident Board, and testimony was adduced by both parties. The board denied the claim, and plaintiffs appealed to the district court. That court tried the matter on the record made before the board and on additional testimony adduced on behalf of plaintiffs. It made findings in which it sustained the findings of the board and found generally in favor of the defendants and against plaintiffs. On these findings it entered judgment affirming the decision of the board.

The facts as disclosed by the record are as follows: In December, 1931, plaintiffs, Ole and Victoria Anderson, were living at their home on a twenty-acre tract six miles southwest of Missoula. Their three sons, Ivan, Archie, and William, lived with them. Ivan and his brothers worked at the plant of the defendant sugar company during the beet season. Ivan was past twenty years of age and in good physical condition. When on the morning of December 27, 1931, the brothers left home to go to work, Ivan was apparently in good health. None of his immediate family noticed anything wrong with him at that time. His mother testified that when he returned home from work that evening, he looked and acted as though he were quite sick. Other members of the family noticed that he had a scab on his nose. They helped him to bed and placed hot water bottles around him. The next morning he felt too ill to go to work. Instead, he went to the sugar factory, obtained a medical slip, and then went in to Missoula to see a doctor. He saw Dr. Harry C. Smith at St. Patrick's Hospital. Dr. Smith found that he had ''a small abscess on the inside of his nose, that it had broken both on the inside and on

the outside. The greater portion of the opening was on the inside of the nostril. There was at that time quite a good-sized scab over the inside opening. The nose being pretty badly swollen there up to the eye-brows. This scab was broken open on the inside and a little core—big as a small pea—was squeezed out of this abscess in the nose."

After seeing Dr. Smith, Ivan returned home. His mother said that at that time he was "desperately sick," and that, though he went to bed, he was unable to sleep or lie quietly because he was apparently suffering a great deal of pain. Late that afternoon he went to see the doctor again. His face was much more swollen than it had been in the morning. Dr. Smith then sent him to Dr. Marshall, the nose specialist of the clinic of which Dr. Smith is a member; from that time Dr. Marshall took charge of the case. Dr. Smith testified that at that time "the infected cellulitis and infection of the face spread all over one side of his face, and in the course of a day or two it had spread on the other side of his face." From that time until he died on January 3, 1932, Ivan was under the care of Dr. Marshall and received medical treatment two or three times daily.

At the hearing before the board there was no direct evidence that Ivan had ever suffered an accident while working at the sugar factory. The only evidence in this connection is that when he went to work on the morning of December 27, 1931, he was apparently in good health and did not have any scab on his nose; and that when he came home from work that evening, he was ill and had a scab on his nose. Other than this, there was no direct evidence of an accident having caused the infection.

At the hearing in the district court, plaintiffs produced, by way of deposition, the testimony of one Ross Rosenbaum, otherwise known as Art Keller, who was an employee of the defendant sugar company in December, 1931. He worked the night shift, beginning at the time Ivan stopped working in the evening. He testified that when he went to work one evening during the latter part of December, 1931, he met Ivan Anderson coming from the place in the factory

where he worked; that Ivan had blood on his face and around his nose; that Ivan told him that about fifteen minutes before, while he (Ivan) was working, a handle had come off a lever which he used in his work, and that the handle had struck him on the nose and injured it. He also testified that he was familiar with the particular work Ivan was doing at the factory; that he worked in what is known as the "bull-pen" or cell dumping; that witness had at various times done the same work and at the same place where Ivan was working; that he had a "very personal knowledge of the lever used by the employees in their duties in the bull-pen"; and that "due to the fact that some of the locks work rather hard at times, in the way the lever is used, it is quite difficult to keep the lever from coming off at times." The only other testimony in this regard is that of Ivan's brother William, who also worked at the sugar factory. He testified that he saw Ivan during the middle of the afternoon on December 27, and that Ivan complained that his nose was sore.

Dr. Smith in his testimony before the board said that when Ivan first came to him for treatment, he asked him if he had received any injury on the nose, and that he replied in the negative. Dr. Marshall testified that when Ivan first came to him, in order to diagnose the case, he asked him if he had suffered any injury to his nose, and he replied that he had not.

Dr. Turman and Dr. Hobson testified hypothetically for the defense. Both of them stated that between the time when Ivan went to work in the morning and when he returned that evening, infection could not have set in so as to have been manifest. There is also medical testimony to the effect that an infection resulting from an injury or abrasion will not develop in less than twenty-four hours after the injury or abrasion has occurred.

The determinative issue decided by the board on the record before it, and again decided by the district court on that record supplemented by additional new testimony,

resolves itself into the question, Did Ivan Anderson suffer an accident while in the discharge of his duties as an employee of respondent Amalgamated Sugar Company? Both the board and the district court answered that question negatively, and specifically found that no accident occurred. Thus we have unequivocal findings by both board and court. We are asked to overthrow those findings, and it is necessary that this court do so in order to grant any relief to appellants.

The appeal here does not present a new or unique question. It only again presents a question heretofore presented in this class of cases on many occasions. In the case of *Kerns* v. *Anaconda Copper Min. Co.*, 87 Mont. 546, 289 Pac. 563, 566, a very similar fact situation existed. The evidence was there reviewed and considered at great length. It is sufficient for us to say here that even from appellants' point of view the testimony only presented a conflict.

But we are asked to declare that the preponderance of the evidence is against the findings. To do this we must of necessity accept the testimony of Rosenbaum, fellow employee of deceased, working under the name of Art Keller, as against the testimony of the two doctors. It must be remembered that Rosenbaum and the doctors are the only witnesses who actually testified on the subject of accident. No other witness detailed any fact that could be construed as indicating the occurrence of an accident. The statements of Rosenbaum and the doctors are only indirect evidence of the alleged fact, and, of course, like all such evidence, it is less satisfactory than direct evidence. In this case, however, the court was forced to decide the issue upon the evidence before it, and in doing so was required to weigh the testimony of Rosenbaum as against that of the doctors, Smith and Marshall. We cannot say that the judge was without reason or justification in believing, as he must have believed, that Anderson was telling the truth when under examination by the doctors. His statement to Dr. Smith was made at the first examination and in the course of the

diagnosis of the case. Later, when the affliction had progressed to such an extent that it had become a case for a specialist, Dr. Marshall, designated as a "nose specialist," took the case over, and he made an independent examination. He asked deceased if he had received any injury to the nose, and again deceased declared that he had not received any such injury. Thus we have a conflict over what deceased is supposed to have said to third persons on the claim of accident or injury.

The trial judge doubtless took into consideration all the evidence and circumstances when he made his findings. He chose to believe that deceased was telling the truth to the doctors. In this finding the trial court is entitled to have all the rules of law and procedure invoked in its favor. In the case of *Kerns* v. *Anaconda Copper Min. Co.*, supra, this court said: "The findings of the Industrial Accident Board are equivalent to the verdict of a jury or the findings of a judge, and, on an appeal from the judgment of a district court after review of the decision of the board, this court cannot reverse the judgment unless the evidence clearly preponderates against it." This statement was merely the reiteration of the rule previously recognized by this court in other similar cases. (*Herberson* v. *Great Falls Wood & Coal Co.*, 83 Mont. 527, 273 Pac. 294; *Willis* v. *Pilot Butte Min. Co.*, 58 Mont. 26, 190 Pac. 124; *Morgan* v. *Butte Central M. & M. Co.*, 58 Mont. 633, 194 Pac. 496.)

The same rule has been subsequently adhered to, and may be said to be as nearly inflexible as any rule of procedure recognized by courts generally. (*Brajcich* v. *Republic Coal Co.*, 94 Mont. 568, 23 Pac. (2d) 337; *Murphy* v. *Industrial Acc. Board*, 93 Mont. 1, 16 Pac. (2d) 705. Compare *Vesel* v. *Polich Trading Co.*, 96 Mont. 118, 28 Pac. (2d) 858; *Brown Bros. Lumber Co.* v. *Mitchell*, 95 Mont. 408, 26 Pac. (2d) 969.)

Upon the record before us we find it impossible to say that the findings of the board and the district court are without substantial evidence to support them.

The only other important assignment of error involves the question of dependents. In view of our holding on the accident feature, that question is no longer important and will not be discussed.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and ANDERSON concur.

MR. JUSTICE ANGSTMAN not acting.