KYYNY, Appellant, v. SHERMAN & REED et al., Respond-
ENTS.

(No. 8,094.)

(Submitted March 19, 1941. Decided April 4, 1941.)

[113 Pac. (2d) 337.]

*Messrs. Wellington D. Rankin, Arthur P. Acher* and *Charles L. Zimmerman,* for Appellant, submitted a brief; *Mr. Zimmerman* argued the cause orally.

*Mr. R. F. Gaines,* for Respondents, submitted a brief, and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is from a judgment of the district court of Silver Bow county which affirmed the decision of the Industrial Accident Board denying claimant's claim for compensation arising out of an industrial injury to his wife, resulting in her death. His wife was employed by Sherman & Reed at Butte, who were enrolled under Plan II of the Workmen's Compensation Act. In addition to claimant, she left surviving a minor son who was granted compensation until he reached majority, another son who lived in the home and who was supported from the family income, and a married daughter. The wife's earnings did not exceed seven dollars a week, but what she earned was used with claimant's earnings in support of the family, including the two unemployed sons. The injury occurred on April 2, 1936, and she died on April 15. A hearing on the claim was held before the board, and from its adverse ruling claimant appealed to the district court.

But one question was presented to the board, the trial court and now to us, by the specifications of error: Did the claimant, who, it is admitted, was the husband of deceased and living with her at the time of the injury, establish that he was incapable of supporting himself within the provisions of section 2877, Revised Codes, which provides: " 'Husband' or 'widower' means only a husband or widower incapable of supporting him-

self, and living with, or legally entitled to be supported by the deceased at the time of her injury?''

It is claimant's contention that, though he in fact was working and earning money at the time of his wife's death, yet he comes within the statute because his wife's earnings were used in his support and because, and although he was earning over $100 per month on an average in 1936, the year of her death, his health was such that he should not have worked and his health was further being impaired by continuing to work.

The determination of the question presented is one of fact, as was said in *Kearney* v. *Industrial Accident Board,* 90 Mont. 228, 1 Pac. (2d) 69: ''The language employed in the statute is plain and specific requiring no interpretation. The husband's right to compensation is entirely one of fact, * * * . Claimant's right to compensation, according to the statute, is based upon the question as to whether, as a widower, he was capable of supporting himself at the date of his wife's injury and resulting death, as shown by the evidence * * * . The Industrial Accident Board is not concerned with possible future conditions, but rather with the question as to whether or not the claimant was incapable of supporting himself and living with or legally entitled to be supported by, his wife at the time of the accident and for a reasonable time prior thereto.''

At the hearing before the board the matter was presented in part by the oral testimony of the claimant and others. This testimony, so far as the question before us is concerned, was that claimant was a sick man during 1936 and that this sickness was caused by his kidneys; that his back pained him while he worked and he was also dizzy while working. He testified that in either 1934 or 1935 his wife supported him when he prospected for three months. He stated that in 1936 she bought him clothes and food. He also testified that he did not work steadily in 1935 because of his health. The testimony shows that there were two dependent sons living in the family and that deceased's contribution to the support of the family was very small compared to the amount contributed by claimant.

The documentary evidence presented to the board included a letter showing that claimant's application for insurance was rejected in January, 1937, records of his earnings for the years 1933, 1934, 1935, 1936 and part of 1937, and his service record with the Butte Mutual Labor Bureau, covering a period beginning in 1930 and extending through March 29, 1937.

Upon the appeal to the district court, additional testimony was presented through the claimant and through a doctor who had examined him just before the hearing in the lower court. The testimony of the doctor was to the effect that claimant was suffering at that time from a bad heart condition, advanced silicosis and arthritis of the spine and that in his opinion claimant at that time, December, 1938, was totally and permanently disabled. It was his opinion that claimant had been physically unfit for work as a miner for possibly eight or nine years.

As this court said in the *Kearney Case,* the question as to the husband's capability to support himself "is entirely one of fact." The board did not have before it the testimony of the doctor. It had before it the general statements that the claimant did not feel well, that his back hurt and a doctor had told him he had a cold in it, and a letter showing that he had been rejected for insurance in January, 1937, on the basis of the report of "the doctor." On the other hand, the board had claimant's records of earnings which showed earnings of $3,913.-55 from January 1, 1933, through May 25, 1937. During the last two months in 1934, all of 1935 and all of 1936, claimant worked steadily losing only an occasional week during that period. He received the same pay as other miners and did regular miner's work. His service record for the same period with the Butte Mutual Labor Bureau listed the causes for ceasing to work in the particular mines in which he was employed. Out of the twelve entries listed, as causes for ceasing his work in a particular mine, but one stated that it was due to sickness. On this record the board found he was not "incapable of supporting himself. His working record plainly proves he is capable of supporting himself, and that he was not entitled

to compensation.'' The evidence supports the findings of the board and does not preponderate against the board's findings. (See *Anderson* v. *Amalgamated Sugar Co.*, 98 Mont. 23, 37 Pac. (2d) 552.)

On the appeal to the district court, as we have said, the additional testimony of the doctor was introduced. The court in its judgment said: ''The said claimant supported himself from his own earnings as a miner and was not during the period from November 1, 1934, to April 15, 1936 [the date of the injury] dependent on his said wife for support. The court accordingly sustains the findings of said board.'' There are no separate findings of fact in the record and none seem to have been requested. The judgment sustains and affirms the findings of the board. In effect, then, the judgment finds claimant capable of supporting himself at the time of deceased's injury. The court's finding is a determination of the fact based on the record before the board and the additional testimony. This is not a case like *Kearney* v. *Board,* supra, where the only evidence was documentary, so that this court would be in as favorable a position as the board or the district court to pass on the merits. The appearance and demeanor of the claimant, the doctor and other witnesses would be important. The facts are in dispute. On the one hand is the record showing that claimant worked during the time discussed, plus his service record, plus the fact that he had little or no medical attention during the years immediately prior to his wife's injury, nor for some time thereafter, plus the fact that he did the regular work of a miner at the regular pay. On the other hand is the testimony of claimant and other witnesses showing that deceased's earnings were used to aid in claimant's support, that claimant's health was bad and that at the time of the hearing in the district court, claimant was unable to work at all and the testimony on the part of the doctor that in his opinion claimant was totally disabled and had been for some time back, including 1936. Whether or not at the time of his wife's injury and death he was incapable of supporting himself had to be determined as a matter of fact by the district court. In

this situation our inquiry is limited to the single question of whether or not there was substantial evidence to support the judgment. (*Nigretto* v. *Industrial Acc. Fund,* 111 Mont. 83, 106 Pac. (2d) 178.) The evidence is in conflict, but there is sufficient evidence to support the judgment as may be seen from the discussion of it heretofore set out. Granting that the mere fact that he actually worked and supported himself would not be conclusive under the statute, there are other facts and circumstances in addition to this which show he was not incapable of supporting himself, including his service record; the fact that he did the usual work in a mine at the usual miner's pay, that he was not under a physician's care during the period immediately before and after his wife's death, and that except for one time he had not consulted a doctor about his condition. These circumstances were before the court and the board and there is more here to show his ability to support himself than the mere fact that he did do so.

Judgment affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and MORRIS concur.

Rehearing denied May 27, 1941.